UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERBERT DAVIS, | * |
| | * |
| Plaintiff, | * |
| | *  Civil Action No. 13-cv-11900-IT |
| v. | * |
| | * |
| PAUL W. MURPHY, STEPHEN M. | * |
| MEADE, and STEPHEN C. MCMANUS, | * |
| in their individual capacities, | * |
| | * |
| Defendants. | * |

ORDER

January 13, 2015

TALWANI, D.J.

Presently before this court are (1) Plaintiff's <u>Motion for Order to Produce Subpoenaed Records Forthwith, or to Show Cause Why the Keeper of Records of the Suffolk County District Attorney's Office Should Not Be Held in Contempt for Failure to Comply with Subpoena</u> [#53] and (2) Keeper of the Records for the Suffolk County District Attorney's Office's <u>Cross-Motion to Quash Subpoena or Modify Plaintiff's Subpoena</u> [#55].

This court will defer ruling on Plaintiff's motion for an order to show cause why the Keeper should not be held in contempt. On December 31, 2014, this court ordered the Keeper "to file an affidavit with the court setting forth, by date, all steps she has taken since November 14, 2014, to produce the responsive documents." <u>See</u> Order [#57]. On January 12, 2015, the Keeper filed an affidavit that did not fully comply with this court's order. At yesterday's hearing, the court afforded the Keeper a further opportunity to comply with the court's December 31, 2014 order by extending the time for the Keeper to file a fully responsive affidavit to January 19, 2015. The court will rule on Plaintiff's motion for an order to show cause after review of that affidavit.

As to Plaintiff's motion for an order to produce the subpoenaed records and the Keeper's motion to quash or modify the subpoena, the court agrees with Plaintiff that the failure to serve written objections to a subpoena within the time required by Federal Rule of Civil Procedure 45 may operate to waive such objections. See Burroughs Corp. v. Dataware Sources, Inc., No. 86-608, 1987 WL 10190, at *1 (D. Mass. Apr. 28, 1987); see also Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified . . . typically constitutes a waiver of such objections."). However, courts have found that mitigating circumstances may militate against finding waiver. See Stamps v. Town of Framingham, No. 12-11908-FDS, 2014 WL 1598019, at *5 (D. Mass. Apr. 16, 2014); In re Dep't of Justice Subpoenas to ABC, 263 F.R.D. 66, 72 (D. Mass. 2009) ("Waiver should only be found in the absence of mitigating considerations that favor the subpoenaed party." (internal quotation marks and citations omitted)).

Here, the communications between counsel for Plaintiff and the Keeper, both before and after the compliance date for the subpoena, militate against finding a waiver in this case. See, e.g., Yousuf v. Samantar, 451 F.3d 248, 252 (D.C. Cir. 2006) (considering as a factor in assessing waiver whether "counsel for the witness was in contact with counsel for the party issuing the subpoena prior to filing its formal objection"); In re Denture Cream Prods. Liab. Litig., 292 F.R.D. 120, 124 (D.D.C. 2013) (considering untimely objections where counsel for the recipients of the subpoena was in contact with the parties issuing the subpoenas regarding compliance prior to filing the untimely objections); Concord Boat Corp., 169 F.R.D. at 52 ("[A] strict interpretation of the Rule would discourage informal dispute resolution among parties who cause issuance of subpoenas duces tecum and those to whom the subpoenas are issued, a result that clearly would work against the efficient administration of justice." (internal quotation marks and citations omitted)). It is undisputed that Plaintiff's counsel agreed to extend the deadline for

the Keeper to comply with the subpoena. Counsel for the Keeper apparently believed that the extension applied to the deadline for serving objections as well. Although counsel was mistaken in this belief, given the nature of the privileges asserted and the communications between counsel regarding the subpoena, this court will consider the Keeper's objections.

To assist in the evaluation of the Keeper's objections, the court's December 31, 2014 order directed the Keeper to provide to Plaintiff and file with the court "an updated privilege log as to all documents responsive to the subpoena as to which counsel is asserting privilege or protection." See Order [#57]. The order further directed that "[t]he log shall include 'sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection,' including '[d]etails concerning time, persons, general subject matter, etc.'" See id. (citing Fed. R. Civ. P. 26(b)(5) advisory committee's notes on the 1993 amendments). Although the Keeper offered the documents at issue for *in camera* review, the Keeper has not provided the court with the log as ordered.

In light of the delay caused by the Keeper, and in order to most efficiently resolve the Keeper's claims of privilege and protection, this court will adopt the procedure used in Velazquez v. City of Chicopee, 226 F.R.D. 31, 32 (D. Mass. 2004). Under this procedure, the Keeper shall provide the disputed documents to counsel for the Plaintiff and the defendants, subject to a protective order, for the limited purpose of litigating the issues of privilege and protection. Counsel for the Plaintiff is hereby directed to submit a proposed protective order and proposed order allowing for such a procedure by January 16, 2015.

IT IS SO ORDERED.

January 13, 2015 /s/ Indira Talwani
United States District Judge