UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HERBERT DAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-11900-IT |
| | * | |
| STEPHEN C. McMANUS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

June 9, 2020

TALWANI, D.J.

Plaintiff Herbert Davis was arrested in his home in Roxbury, Massachusetts. The arresting officer, Stephen McManus, sought and obtained a criminal complaint the following day that included charges of an illegal sale of a large capacity firearm, an illegal sale of a large capacity feeding device, possession of a firearm with an obliterated serial number, receiving a firearm with an obliterated serial number, unlawful possession of ammunition, and possession of a firearm while committing a felony. Davis remained in custody for four months until a Superior Court judge reviewed the video of the purported firearm transaction—a video that does not show Davis but instead shows someone else conducting the transaction—and released Davis. The Commonwealth subsequently filed a *nolle prosequi* dismissing all charges against Davis.

Davis brought an action alleging violations of state law and 42 U.S.C. § 1983, including a § 1983 malicious prosecution claim based on statements McManus made to a clerk magistrate to obtain the complaint on which Davis was held for the purported firearm transaction. The case proceeded to trial against McManus.. After a nine-day trial, the jury entered a verdict in favor of McManus on all counts. Davis filed a post-trial Motion for Judgment as a Matter of Law or

Alternatively for a New Trial [#309], which the court denied except as to the § 1983 claim arising from McManus's application for a criminal complaint. Mem. & Order [#335]. As to that claim, the court denied Davis judgment as a matter of law but granted a new trial. Id. at 1623.

Now before the court is McManus's Motion for Reconsideration or, Alternatively, Motion for Certification to the First Circuit [#337]. The motion is DENIED for the reasons that follow.

## I.     MOTION FOR RECONSIDERATION

McManus seeks reconsideration on two grounds: that he is protected from a new trial based on qualified immunity, and that the court "made an impermissible credibility determination." Def.'s Mot. 1, 7 [#337]. McManus's qualified immunity argument is not properly before the court. McManus's remaining argument—that the court impermissibly granted a new trial based on a credibility determination—rests on a misunderstanding of the differences between a motion for judgment on the pleadings and a motion for a new trial and on a misreading of the court's prior decision.

### A. **McManus's Qualified Immunity Argument is Not Properly Raised in a Motion for Reconsideration**

McManus's qualified immunity argument seeks to raise an argument on reconsideration that he did not raise in connection with the underlying motion. In the underlying motion, Plaintiff sought judgment as a matter of law or, in the alternative, a new trial. Defendant's opposition addressed qualified immunity only in a single footnote concerning a duty to investigate not implicated in the order granting a new trial. See Def. Opp. to Pl.'s Renewed Mot. 12, n.6 [#326]. McManus did not assert there that deliberate or reckless submissions to a magistrate are somehow protected by qualified immunity. Id.

Nor does McManus fair better if the court considers the Rule 50(a) motion that he filed at the close of Plaintiff's case and before the matter was submitted to the jury. There too, McManus asserted qualified immunity only as to a "failure to investigate" claim. See Def.'s Mot. J. Matter Law 3–4 [#287].[1]

McManus contends that he is not precluded "from raising qualified immunity now as a defense post-trial" because the qualified immunity defense is not waived or lost if a case proceeds to trial. Def.'s Reply 3, n.1 [#341]. The problem, however, is not any waiver by proceeding to trial, but rather Defendant's failure to raise the qualified immunity defense in his Rule 50(a) motion or, more importantly, in opposition to Plaintiff's post-trial motions. To the extent that Defendant contends that Plaintiff's motion for a new trial should have been denied on the basis of qualified immunity, the time to raise that argument was in opposition to that motion, not on reconsideration of the decision on that motion.

### B. The Motion for Reconsideration Misunderstands the Distinction Between a Motion for Judgment as a Matter of Law and a Motion for a New Trial

McManus also objects to the standard used by the court in granting Davis's motion for a new trial. Def.'s Mot. 1–7 [#337]. This objection is without merit because it misunderstands the fundamental distinction between a motion for judgment as a matter of law and a motion for a new trial.

On a motion for a judgment as a matter of law, the movant is asking that a jury's verdict be replaced by a final judgment contrary to the jury's verdict. On such a motion, the court is required to draw all inferences in favor of the non-movant. In contrast, on a motion for a new trial, the movant is not seeking a judgment contrary to the jury's verdict. Instead, the movant is seeking an opportunity to retry the case, and the court's power to grant the motion is therefore

---

[1] The court denied this motion without prejudice to renew. Elec. Order [#297].

much broader. On a motion for a new trial, the court may not only "weigh the evidence" but must also consider whether "action is required in order to prevent injustice." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009). The court "may order a new trial 'even where the verdict is supported by substantial evidence.'" Id. at 439 (quoting Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994)). Indeed, "the district court has the power *and duty* to order a new trial whenever, in its judgment, the action is required in order to prevent injustice." Kearns v. Keystone Shipping Co., 863 F.2d 177, 181 (1st Cir. 1988) (emphasis added) (quoting 11 C. Wright & A. Miller, § 2805). And, when the court so orders, the non-movant is not deprived of a jury's determination of the facts, but only of this particular jury's determination. The remedy of a new trial thus affords relief to prevent injustice to one party "without abrogating his opponent's right to a jury trial." Insurance Co. of N. Am. v. Musa, 785 F.2d 370, 375 (1st Cir. 1986).

McManus gives a token nod to the court's authority to independently weigh the evidence in considering a motion for a new trial but argues nonetheless that the court must defer to the jury's verdict unless there is clear, objective evidence proving that his testimony was false. See Def.'s Mot. Recons. 2–3 [#337] (citing United States v. Garcia, 978 F.2d 746, 748 (1st Cir. 1992)).[2] The court's discretion on a motion for a new trial is not so circumscribed. While the

---

[2] Defendant goes even further in his new qualified immunity argument, suggesting that the court may not grant a motion for a new trial if the jury verdict supports qualified immunity. That standard is appropriate only in connection with a motion for judgment as a matter of law. Had the jury found for Davis and had McManus renewed his Rule 50(a) motion, the court would have construed the facts in the light most favorable to the jury verdict. See Ciolino v. Gikas, 861 F.3d 296, 302 (1st Cir. 2017) (on appeal of denial of officer's motion for judgment as a matter of law, the First Circuit, "[l]ike the district court . . . view[s] the facts in the light most favorable to the verdict, deferring 'to the jury's discernible resolution of disputed factual issues"); see also Raiche v. Pietroski, 623 F.3d 30, 35 (1st Cir. 2010) (same); Jennings v. Jones, 499 F.3d 2, 7 (1st Cir. 2007) (same); 587 F.3d 430, 436 (1st Cir. 2009) (same); Wilson v City of Boston, 421 F.3d 45, 53 (1st Cir. 2005) (same); Iacobucci v. Boulter, 193 F.3d 14, 23 (1st Cir. 1999) (same). Unlike the officers in each of these cases, McManus brought no post-trial motions. And, McManus cannot complain about the court's resolution of the motion for judgment as a matter of

court may not displace a jury verdict merely because the court disagrees with it, a new trial may be granted where the court finds that a new trial is required in order to prevent injustice. Jennings, 587 F.3d at 436.

Here, there is substantial evidence—even when viewing all inferences in McManus's favor—supporting Davis's malicious prosecution claim arising from the firearm charges. As set forth in the court's analysis on the motion for judgment as a matter of law, Davis demonstrated at trial that McManus's narrative to the clerk magistrate obfuscated the fact that the only evidence tying Davis to the firearms were the statements of a confidential witness. Mem. & Order 18–19 [#335]. Davis also demonstrated that McManus omitted information that was necessary for the clerk magistrate to evaluate the confidential witness's credibility. Id. at 19–20. Finally, while McManus's own testimony was offered at trial in support of the contention that his statements to the clerk magistrate were not deliberately or recklessly misleading , there were substantial questions that raised concerns as to McManus's credibility. Mem. & Order 22–23 [#335]. On this record, the court reiterates its finding that a new trial is necessary to prevent a miscarriage of justice.

### C. The Court has Not Made the Credibility Determination Claimed by McManus

Finally, McManus objects to a "credibility determination" that this court has not made. See Def.'s Mot. Recons. 1 [#337] ("the court made an impermissible credibility determination regarding McManus"); Def.'s Reply 2 [#341] (referring to "the Court's position that, in its view, Detective McManus did not testify credibly"). The court very deliberately made no such finding, and Defendant cites to none. Instead, in deference to the jury process, and recognizing the

---

law where the court construed the facts in the light most favorable to the jury verdict and denied Davis's motion.

seriousness and ramifications of an adverse credibility determination regarding a police officer, the court's decision was careful to only raise questions, albeit substantial ones, and left the determination as to McManus's credibility to the next jury. See Mem. & Order 21–23 [#335].

## II.     MOTION FOR CERTIFICATION TO THE FIRST CIRCUIT

Defendant asks in the alternative that the court certify the court's Memorandum & Order [#335] for appeal pursuant to 28 U.S.C. § 1292(b). That section provides that "[w]hen a district judge, in making in a civil action an order not otherwise appelable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The court finds no such controlling question of law. The request is therefore denied.

## III.    CONCLUSION

Accordingly, Defendant's Motion for Reconsideration or, Alternatively, Motion for Certification to the First Circuit [#337] is otherwise DENIED.

IT IS SO ORDERED.

Date: June 9, 2020                                                          /s/ Indira Talwani
                                                                            United States District Judge